# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 15-685V
Filed: October 14, 2016

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| PENNY WALDEN, | * | **UNPUBLISHED** |
| | * | |
| Petitioner, | * | Special Master Hamilton-Fieldman |
| | * | |
| v. | * | Dismissal for Failure to Prosecute; |
| | * | Dismissal for Insufficient Proof; |
| SECRETARY OF HEALTH | * | Measles-Mumps-Rubella ("MMR") |
| AND HUMAN SERVICES, | * | Vaccine; Fibromyalgia. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## DISMISSAL DECISION[1]

On July 1, 2015, Penny Walden ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act"). Petitioner alleged that she developed Fibromyalgia because she received the Measles-Mumps-Rubella ("MMR") vaccine. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On December 18, Respondent filed a Report, pursuant to Vaccine Rule 4(c), noting that Petitioner had neither alleged a Table injury nor shown that the MMR vaccine actually caused her alleged Fibromyalgia. Resp't's Report at 6-7, ECF No. 19. As to the latter, Respondent noted as follows:

> In this case, the medical records alone fail to provide preponderant proof of a vaccine injury. Petitioner has not provided a medical theory showing that the MMR vaccination can cause fibromyalgia, there is no sequence of cause and effect, and there is no temporal relationship between vaccination and injury. Petitioner had a single medical evaluation for joint pain on November 27, 2012, with no subsequent

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

follow-up visits or complaints for ongoing symptoms in 2012 or 2013.  Based upon
the medical records, it appears that those symptoms resolved.  Petitioner had new
complaints of joint pain in May 2014.  There is no evidence in the medical records
to support petitioner's claims that the joint pain she reported in May 2014 was
related to her isolated complaints in November 2012.  She saw numerous physicians
between those two visits, but she did not complain of or seek treatment for joint
pain.  The diagnosis of fibromyalgia was not made until May 2014, over eighteen
months after vaccination, and therefore has no temporal relationship to vaccination.

*Id.* at 7.  As a result, Respondent recommended that a decision be entered denying compensation.
*Id.*

On January 14, 2016, the undersigned held a status conference with counsel representing
Petitioner and Respondent, at which the undersigned noted several issues with the case, including
"the lack of contemporaneous medical records, the length of time it took for Petitioner to receive a
diagnosis, and the absence of documentation of symptoms of Petitioner's alleged condition," as well
as "whether Petitioner's counsel had a reasonable basis to file this claim."  Scheduling Order (Jan.
15, 2016) at 1, ECF No. 20.

On April 4, 2016, Petitioner's counsel moved to withdraw as her attorney.  Mot. to
Withdraw, ECF No. 26.  Two days later, the undersigned granted Counsel's motion and ordered
Petitioner to file a status report updating the Court on her progress in securing a different attorney
by June 22, 2016.  Order, ECF No. 27.

On June 20, Petitioner telephoned the Court and requested an additional 30-60 days in order
to file the status report specified in the Court's previous order.  *See* Unnumbered Docket Entry,
June 20, 2016.  After determining that Respondent did not object to the motion, the undersigned
granted Petitioner's motion and ordered that she file a status report by August 9, 2016.  Status
Report Order, ECF No. 29.

On September 14, 2016, after receiving no communication from Petitioner since the June 20
phone call, the undersigned ordered Petitioner to show cause why her petition should not be
dismissed by October 5, 2016.  Order to Show Cause at 1, ECF No. 37.

On October 11, 2016, Petitioner responded to the undersigned's show cause order,
explaining that she was "no longer pursuing this claim due to [her] failing health," citing "mental
and physical stress."  Resp. to Show Cause Order at 1, ECF No. 39.  Petitioner further admitted that,
after speaking with several physicians, she was unable to find any who would opine in favor of
causation.  *Id.*

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine.  *See* 42 U.S.C. §§ 300aa-13(a)(1)(A), 300aa-11(c)(1) (2012).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain any persuasive evidence that Petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa-13(a)(1).  In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion must be offered in support of causation.  Petitioner, however, has offered no such opinion.

In light of the above, the undersigned hereby DENIES this petition.  **This case is dismissed for failure to prosecute and for insufficient proof.  In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>/s/ Lisa D. Hamilton-Fieldman</u>
Lisa D. Hamilton-Fieldman
Special Master